NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS LIMASCCA-TELLO; ERIKA ESTEFANY HUAMAN-SUAQUITA; LIONEL ADRIAN SUAREZ-HUAMAN; JHOSEP DERIAN LIMASCCA-HUAMAN, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-946 <br><br> Agency Nos. <br> A220-748-098 <br> A220-748-099 <br> A220-748-100 <br> A220-748-101 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2025**
San Francisco, California

Before: McKEOWN and DE ALBA, Circuit Judges, and BENNETT, District
Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

\*\*\*      The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

Petitioners Jose Limascca-Tello and Erika Estefany Huaman-Suaquita, both natives and citizens of Peru, seek review from a decision of the Board of Immigration Appeals ("BIA") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and the derivative applications of their children. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction, *see* 8 U.S.C. § 1252(a)(1), and we deny the petition.

Where, as here, "the BIA conducts its own review of the evidence and law," our review is limited to the BIA's decision, except to the extent that it expressly adopts the decision of the immigration judge. *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012). We review de novo legal questions and the BIA's "factual findings for substantial evidence." *Corpeno-Romero v. Garland*, 120 F.4th 570, 577 (9th Cir. 2024). Under the latter standard, we will uphold the BIA's findings "unless any reasonable adjudicator would be compelled to conclude to the contrary[.]" 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the BIA's denial of Petitioners' applications for asylum and withholding of removal on past persecution grounds. Petitioners preliminarily argue that the BIA erred by finding that lead Petitioner Limascca-Tello only suffered a single death threat. But given the lack of any indication that pointing a firearm at Limascca-Tello was specifically a threat to kill him if he

attested to the crime, the BIA's finding was not one with which "any reasonable adjudicator would be compelled to conclude to the contrary." *Id.*

We conclude that, under either de novo or substantial evidence review, the BIA correctly determined that Petitioners failed to establish that the lone threat "r[ose] to the level of persecution." *Navas v. INS*, 217 F.3d 646, 655 (9th Cir. 2000); *see also Fon v. Garland*, 34 F.4th 810, 813 n.1 (9th Cir. 2022) (identifying the intra-circuit split on the standard of review that governs these determinations but declining to address the issue because it made no difference to the result). While we have held that persistent, escalating death threats accompanied by physical intimidation may amount to persecution, *see, e.g.*, *Ruano v. Ashcroft*, 301 F.3d 1155, 1159–61 (9th Cir. 2002), the death threat here was a single isolated occurrence. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). The BIA correctly relied on *Hoxha* to conclude that Petitioners failed to establish their eligibility for asylum or withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A); *see also Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021).

Substantial evidence supports the BIA's determination that Petitioners failed to establish past persecution or a well-founded fear of persecution by forces that the Peruvian government is "unable or unwilling" to control. *See Navas*, 217 F.3d at 655–56; *Siong v. INS*, 376 F.3d 1030, 1039 (9th Cir. 2004). Because Limascca-Tello failed to report the persecution to government authorities, he must fill that

gap in proof by establishing that reporting the crime "would have been futile or [would] have subjected him to further abuse." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1065 (9th Cir. 2017) (en banc) (citation omitted). The BIA reasonably determined that evidence of "government-wide corruption," "without more," could not satisfy that showing in light of the police investigation into the murder, which reflected the Peruvian government's willingness "to investigate crime and protect its citizenry."

Finally, substantial evidence supports the BIA's denial of CAT relief. The BIA reasonably determined that because Petitioners had not suffered past persecution, neither had they suffered past torture. *See Sharma*, 9 F.4th at 1067. The BIA also reasonably concluded that Petitioners failed to establish a "more likely than not" probability of facing future torture if returned to Peru, given the police investigation of the murder. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1188 (9th Cir. 2020) (citing 8 C.F.R. § 1208.16(c)(2)–(3)); *see* 8 C.F.R. § 1208.18(a)(1).

We decline to address Petitioners' remaining arguments that they established a cognizable particular social group; that they demonstrated an objective well-founded fear of persecution; and that the BIA erred by failing to adequately weigh their unexhausted country conditions report in denying CAT relief. The BIA specifically denied all relief for the reasons we have discussed and expressly declined to reach "the remaining issues addressed in the Immigration

Judge's decision or by [petitioners] on appeal." Because "[o]ur review is limited to the actual grounds relied upon by the BIA," we decline to reach Petitioners' remaining arguments as well. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (citation omitted).

**PETITION DENIED.**